OPINION
{¶ 1} Defendant-appellant Blaine Jackson appeals his sentence from the Fairfield County Court of Common Pleas on one count each of burglary and grand theft. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 5, 1997, the Fairfield County Grand Jury indicted appellant on one count of burglary (Count One) in violation of R.C. 2911.12(A)(2), a felony of the second degree, and one count of grand theft (Count Two) in violation of R.C.2913.02, a felony of the fourth degree. Both of the charges were accompanied by firearm specifications. At his arraignment on January 21, 1998, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 3} Thereafter, on February 24, 1998, appellant withdrew his former not guilty plea and pled guilty to one count each of burglary and grand theft. At the request of the State, the firearm specifications were dismissed. As memorialized in a Judgment Entry filed on April 1, 1998, appellant was sentenced to a four year prison sentence with respect to the charge of burglary and to an eight month prison sentence with respect to the grand theft charge and was ordered to pay a fine in the amount of $500.00 and court costs. The trial court, in its entry, ordered that the sentences be served consecutively to each other. The trial court further ordered that, with respect to count two, appellant "shall be sentenced to five (5) years of community control" and that the community control, as to count two "shall begin upon his release from prison as to the sentence imposed as to count one."
 {¶ 4} Appellant filed a Motion for Judicial Release on September 28, 1998. Following a hearing on such motion, the trial court, pursuant to an Entry filed on November 4, 1998, granted appellant's motion and placed appellant on community control for a period of five years under specified terms and conditions.
 {¶ 5} Subsequently, on April 30, 2001, appellee filed a Motion to Revoke appellant's community control, alleging that appellant had violated the terms and conditions of his community control. Appellee, in its motion, alleged, in part, as follows:
 {¶ 6} "6. The defendant has become intoxicated or has gone to places where intoxicating beverages are sold as a major part of their business, has used narcotics, illegal or habit forming drugs without a doctor's prescription, has failed to avoid persons who possess, use or sell such drugs and places where such drugs are illegally possessed, sold or used, in violation of Term #17 of the Defendant's Community Control Sanctions Stipulations and Agreement.
 {¶ 7} "7. The Defendant has failed to submit to counseling, testing and/or treatment, at his expense as ordered by the Court or the Probation Officer, in violation of in [sic] Term #18 of the Defendant's Community Control Sanctions Stipulations and Agreement."
 {¶ 8} Following a hearing held on May 25, 2001, the trial court found that there was probable cause to believe that appellant had violated the terms and conditions of his community control. At a hearing held on October 26, 2001, appellant admitted that he had violated the terms of his community control as to count two only. Via an Entry filed on October 30, 2001, the trial court granted appellee's motion and ordered that the eight month sentence imposed as to count two be reimposed.
 {¶ 9} Appellant then filed a Motion for Judicial Release on January 4, 2002, arguing, in part, as follows: "Mr. Jackson's [appellant's] problems have stemmed primarily from his abuse of narcotics. It is his sincere desire to take the necessary steps to rid himself of this proverbial monkey that has been sitting on his back for the recent past. In light of this determination, Mr. Jackson has indicated not only his willingness, but also his desire, to attend the SEPTA program. This program concentrates . . . on the treatment of drug and alcohol abuse." As memorialized in an Entry filed on January 14, 2002, the trial court granted appellant's Motion for Judicial Release and placed appellant on community control as to Count Two (grand theft) for a period of three years under specified terms and conditions. The trial court, in its entry, ordered that appellant successfully complete the SEPTA program.
 {¶ 10} Subsequently, on November 15, 2002, appellee filed a Motion to Revoke appellant's community control, alleging that appellant had violated the terms of his community control as follows:
 {¶ 11} "1. The Defendant has failed to maintain good behavior and conduct himself in a proper manner at all times, and obey the laws of the State, laws of the United States and all local laws, in violation of Term #5 of the Defendant's Community Control Sanctions Stipulations and Agreement.
 {¶ 12} "2. The Defendant has become intoxicated or has gone to places where intoxicating beverages are sold as a major part of their business, has used narcotics, illegal or habit forming drugs without a doctor's prescription, has failed to avoid persons who possess, use or sell such drugs and places where such drugs are illegally possessed, sold or used, in violation of Term #17 of the Defendant's Community Control Sanctions Stipulations and Agreement."
 {¶ 13} Following a hearing held on April 7, 2003, the trial court found that there was probable cause to believe that appellant had violated the terms and conditions of his community control. At such hearing, testimony was adduced that appellant had positive drug test results after his completion of the SEPTA program. A dispositional hearing was then held on April 14, 2003. Pursuant to an Entry filed on April 18, 2003, the trial court granted appellee's Motion to Revoke and ordered that appellant's previously imposed four year sentence for burglary "be ordered into execution."
 {¶ 14} It is from the trial court's April 18, 2003, Entry that appellant now appeals, raising the following assignment of error:
 {¶ 15} "The lower court erred in imposing the defendant's previously suspended prison sentence."
 I {¶ 16} Appellant, in his sole assignment of error, argues that the trial court erred in imposing appellant's previously suspended prison sentence since, based on appellant's long standing drug program, the trial court should have sentenced appellant to an intensive drug rehabilitation program. We disagree.
 {¶ 17} R.C. 2929.13(E) governs the imposition of a prison term upon the revocation of a community control sanction. Such statute states, in relevant part, as follows:"
 {¶ 18} "(2) If an offender who was convicted of or pleaded guilty to a felony violates the conditions of a community control sanction imposed for the offense solely by reason of producing positive results on a drug test, the court, as punishment for the violation of the sanction, shall not order that the offender be imprisoned unless the court determines on the record either of the following:
 {¶ 19} "(a) The offender had been ordered as a sanction for the felony to participate in a drug treatment program, in a drug education program, or in narcotics anonymous or a similar program, and the offender continued to use illegal drugs after a reasonable period of participation in the program.
 {¶ 20} "(b) The imprisonment of the offender for the violation is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code."
 {¶ 21} R.C. 2929.11, which gives the trial court the overriding purposes of felony sentencing, provides, in relevant part: "(A) * * * The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. * * *"
 {¶ 22} In the case sub judice, appellant's community control was revoked based on his use of cocaine and his failed drug screen on October 7, 2002. At the April 14, 2003, hearing in the case sub judice, the trial court stated on the record, in relevant part, as follows:
 {¶ 23} "The Defendant also finds — the Court also finds that the Defendant has previously been incarcerated in a penal institution in the state of Ohio; that the Defendant has already experienced of this case several lesser sanctions than prison term. The Court finds that the Defendant has had multiple violations by way of positive drug tests throughout the history of the case.
 {¶ 24} "The Court understands the Defendant has issues with substances. The Court also finds that the Defendant has completed the SEPTA program which, in the Court's opinion, was about a six-month program which dealt with issues of education and some forms of counseling that would also include substance, drug and alcohol counseling.
 {¶ 25} "And finally, the Court finds that the motion in this case was filed, I believe, in October of 2002. It might have been more recent than that. But nonetheless, the Defendant's most recent positive test with cocaine in which there was an admission was October 7th of 2002.[1]
 {¶ 26} "To the Court's understanding and belief, the Defendant has taken no known steps on his own to locate any counseling or to enter any counseling. The Defendant did express an interest at the last hearing in the case to comply with whatever counseling requirements the Court may have.
 {¶ 27} "In this case, given all of the facts and circumstances, Mr. Jackson, I'm going to go ahead and enforce the term of imprisonment that was previously suspended in this case. I'm ordering that into effect. . . ." Transcript of April 14, 2003, hearing at 4-5.
 {¶ 28} Based on the foregoing, we find that the trial court determined on the record that appellant continued using illegal drugs after his completion of the SEPTA program, a drug treatment program. We find, therefore, that the trial court did not err in reimposing appellant's suspended sentence after appellant violated his community control pursuant to R.C. 2929.13(E)(2)(a).
 {¶ 29} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 30} Accordingly, the judgment of the Fairfield County Court of Common Pleas is affirmed.
Hoffman, P.J. and Farmer, J., concur.
[1] Such date is after appellant's completion of the SEPTA program.